UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:
08-60644-CIV-MORENO**

LESLIE MONICA SANCHEZ-FARGE,

    Plaintiff / Petitioner,

vs.

MICHAEL B. MUKASEY, as Attorney General of the United States; MICHAEL CHERTOFF, as Secretary of the United States Department of Homeland Security; MICHAEL D. ROZOS, Field Office Director, Miami, & Officer in Charge, Broward Transition Center, U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security,

    Defendants / Respondents.
_____/

**ORDER DENYING EMERGENCY MOTION**

THIS CAUSE came before the Court upon Emergency Motion for a Stay of Deportation Order, Writ of Habeas Corpus and Declaratory and Injunctive Relief **(D.E. No. 2)**, filed on **May 1, 2008**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED**, as the Court lacks jurisdiction to review Petitioner's Order of Removal.

Petitioner invokes the jurisdiction of this Court under 28 U.S.C. §§ 2241, the habeas statute, as well as 28 U.S.C. § 1331. Habeas Pet. at 2-3. Her claim is that she should not be removed from

the United States because she has a pending petition for alien relative (Form I-130) filed on her behalf, and an application for adjustment of status (Form I-485). Habeas Pet. at 7-8. She seeks an order temporarily staying her removal; an order granting the Writ of Habeas Corpus against Immigration and Customs Enforcement, as well as an order preventing respondents from removing her from the United States prior to USCIS adjudication of the merits of her husband's pending I-130 and her pending I-485. Hab. Pet. at 8.

On May 11, 2005, the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief Act of 2005 was enacted. Division B was the REAL ID Act of 2005, Pub.L. 109-13, Div. B, 119 Stat. 231 (2005) ("REAL ID"). Section 106 of REAL ID amended section 242 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252, which pertains to judicial review of orders of removal. Specifically, REAL ID § 106(a)(1)(B) amended 8 U.S.C. § 1252(a) to add a new subsection (5), which states:

> EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Congress also provided that habeas petitions filed under 28 U.S.C. § 2241, challenging a final order of removal, deportation, or exclusion, that were pending in a district court on the date of enactment,

should be transferred to the Court of Appeals for the circuit in which a petition for review could have been properly filed. REAL ID § 106(c).

Further, 8 U.S.C. § 1252(g), also divests this Court of jurisdiction to review petitioner's order of removal. Section 1252(g) provides as follows:

> (g) Exclusive jurisdiction
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Petitioner is challenging the execution of her removal order, by arguing that her motion to reopen was improperly denied by the Immigration Judge. In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999), the Supreme Court observed § 1252(g) apples to "three discrete actions that the Attorney General may take: her 'decision or action' to commence proceedings, adjudicate cases, or execute removal orders." *Id.* at 482. As to its purpose, the Court found that § 1252(g) "performs the function of categorically excluding from non-final order judicial review ... certain specified decision and actions of the INS." *Id.* at 483.

Thus, this Court holds that Petitioner can only obtain judicial review of her removal order, and the denial of her motion to reopen, through a petition for review filed with the Eleventh Circuit. The Court does not have jurisdiction in this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of May, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record