UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:
08-60644-CIV-MORENO**

LESLIE MONICA SANCHEZ-FARGE and
KEITH HATCHETT,

    Petitioners,

vs.

MICHAEL B. MUKASEY, as Attorney General of the United States; MICHAEL CHERTOFF, as Secretary of the United States Department of Homeland Security; JONATHON SCHARFEN, as Director of United States Citizenship and Immigration Services; MICHAEL D. ROZOS, Field Office Director, Miami, & Officer in Charge, Broward Transition Center, U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security,

    Respondents.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Petitioners are wife and husband who seek reconsideration of this Court's prior Order finding that a district court lacks jurisdiction to review claims arising out of the execution of the wife's removal order. This Court again finds that 8 U.S.C. § 1252(a) and (g) explicitly divest district courts of any jurisdiction. A valid removal order issued in 2002 can only be reviewed by the United States Courts of Appeal. Therefore, the Motion for Reconsideration is **DENIED**.

The Court finds that Petitioners Leslie Monica Sanchez-Farge and Keith Hatchett are seeking to sidestep the jurisdictional bars set forth in 8 U.S.C. § 1252(a) and (g). The Attorney General makes a discretionary determination regarding an application for a stay of removal. Judicial review of such

determinations is subject to the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii). See Ginters v. Cangemi, 419 F. Supp. 2d 1124, 1131 (D. Minn. 2006). Moreover, Section 1252(g) clearly strips this Court of jurisdiction to hear an alien's claim arising from the decision of the Attorney General to execute a removal order. The proper and exclusive avenue to pursue a reversal of the decision to deport Sanchez-Farge is through the Eleventh Circuit Court of Appeals.[1] 8 U.S.C. § 1252(a) & (g); see Sadhvani v. Chertoff, 460 F. Supp. 2d 114, 122, 124 (D.D.C. 2006); Ginters, 419 F. Supp. 2d at 1131. Petitioners did not follow that path, nor did they seek an appeal of this Court's prior Order despite being given the opportunity to do so.[2]

Essentially, Petitioners cannot evade the exclusive judicial review of the Court of Appeals by seeking relief in the district court via a petition for habeas corpus or a request for mandamus relief, or by couching such relief in any other legal language designed to circumvent 8 U.S.C. §1252(a) and (g). See Sadhvani, 460 F. Supp. 2d at 122 ("Whatever legal label petitioner puts on them, however, these allegations are quite clearly "cause[s] or claim[s] by or on behalf of an[ ] alien arising from the decision or action by the Attorney General to ... execute removal orders against [that] alien.") (citing 8 U.S.C. § 1252(g)); Ginters, 419 F. Supp. 2d at 1131 ("Therefore, any constitutional claims or issues of law Ginters may have with respect to the denial of his I-130 petition or the denial of his application for a stay of removal are preserved for review, but must be reviewed by the Eight Circuit Court of

---

[1] In fact, if this case were brought before May 11, 2005, this Court would have been required to transfer the case to the Court of Appeals under Section 106(a) of the REAL ID Act.

[2] See this Court's Order Denying Emergency Motion (D.E. No. 6) and Order Temporarily Staying Removal of Petitioner (D.E. No. 7), filed on May 2, 2008. In addition to the Emergency Motion for Reconsideration, however, Petitioner Sanchez-Farge did file an Amended Petition for Writ of Habeas Corpus and Amended Complaint for Declaratory and Injunctive Relief (D.E. No. 8) on May 6, 2008. In this Amended filing, Sanchez-Farge adds her husband, Keith Hatchett, as Petitioner and asserts additional claims for relief. Respondent subsequently filed a Motion to Dismiss Mandamus Claim for Failure to State a Claim upon which Relief can be Granted (D.E. No. 12), filed on May 8, 2008.

Appeals rather than the District Court."). Petitioners also allege a claim under the Administrative Procedure Act. However, the Eleventh Circuit has held that enjoining an exclusion or deportation proceeding is not a form of relief authorized by the APA. Ray v. U.S. Dept. of Justice, 908 F.2d 1549, 1560-61 (11th Cir. 1990), rev'd on other grounds, 502 U.S. 164 (1991).

Simply put, a rose by any other name is still a rose. Congress' clear intention was to divest district courts' jurisdiction with respect to removal orders. Labeling the petition as a writ of habeas corpus (or another legal construct) is a valiant effort by good attorneys to confer jurisdiction upon this Court. Unfortunately for Petitioners, clever lawyering is not enough for this Court to disregard what is clear Congressional intent.

An Immigration Judge issued a valid removal order for Petitioner Sanchez-Farge on April 30, 2002. Sanchez-Farge did not appeal this order to the Board of Immigration Appeals. Eventually, on June 29, 2007, Petitioners filed I-130 and I-485 petitions. However, Sanchez-Farge did not appear for her United States Citizenship and Immigration Services ("USCIS") interview and the petitions were denied *in absentia*. Thereafter, Petitioners refiled their petitions and now seek relief from this Court to require USCIS to adjudicate the refiled petitions.

Most of the cases Petitioners cite address situations in which the petitioners argued that there were unreasonable delays in processing their applications for status adjustments. See, e.g., Elkhatib v. Butler, 2005 WL 5226742, Case No. 04-22407-CIV-SEITZ (S.D. Fla. June 7, 2005); Belegradek v. Gonzales, 523 F. Supp. 2d 1364 (N.D. Ga. 2007). Though Petitioners urge the Court to treat this as an unreasonable delay case because courts have occasionally required USCIS to render immigration decisions in such circumstances, Petitioners cite no law suggesting that the Court can force the agency to make a status adjustment decision under facts similar to those here. The Court

also agrees with Respondent that Madu v. United States Attorney General, 470 F.3d 1362 (11th Cir. 2006), is not implicated in this case. In Madu, the Eleventh Circuit ruled that the district court had jurisdiction over the petitioner's claim because he challenged the existence of an order of removal, rather than the lawfulness of an existing order of removal, which is not relevant in the case at hand. *Id.* at 1366.

More to the point, the Court is far from convinced that USCIS is unreasonably delaying in this instance by failing to adjudicate Petitioners' I-130 and I-485 petitions in less than a month's time, after already denying Petitioners' original petitions *in absentia* when Sanchez-Farge twice failed to appear for her USCIS interview. Petitioners cannot simply refile the same petitions, represent to the Court that they have outstanding petitions that have not been adjudicated, and then claim undue delay in processing those petitions.

Sadhvani v. Chertoff, cited by Respondents, bears some relevance to this case. The petitioner in Sadhvani was removed to Togo after he stayed in the United States past his student visa expiration date. Sadhvani, 460 F. Supp. 2d at 115-16. As in Sadhvani, Petitioners are objecting to the execution of the removal order while their motion to reopen the removal proceedings is still pending. See *id.* at 122. The petitioner in Sadhvani also relied upon many of the same legal bases that Petitioners cite here. *Id.* at 121. The Sadhvani court ruled that, as a result of 8 U.S.C. § 1252(g), only the Court of Appeals had jurisdiction regarding challenges to the removal order. The fact that Petitioners in this case have refiled I-130 and I-485 applications after their original applications were denied does not change the fact that they are pressing claims by and on behalf of an alien arising from a decision by the Attorney General to execute a removal order against the alien. See *id.* at 121; 8 U.S.C. § 1252(g).

Ginters v. Cangemi is perhaps more relevant to the case at hand, as it presents a similar fact

situation in which the petitioner's second wife filed an I-130 petition on the petitioner's behalf. Ginters, 419 F. Supp. 2d at 1126-27. The petitioner was previously ordered to be deported due to a determination that he had participated in a sham marriage with his first wife. *Id.* He similarly filed a habeas petition and a motion for a temporary restraining order. *Id.* at 1128. Further, the petitioner attempted to argue that he was not challenging his removal order, but was instead seeking judicial review of the denial of his second wife's I-130 petition. *Id.* at 1129. The district court held that the then-INS's determination that the petitioner had engaged in a sham marriage was a discretionary one, not subject to review due to 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.*

As in Ginters, Petitioners ask this Court "to do indirectly what it cannot do directly." *Id.* at 1131. The court in Ginters astutely observed that a review of the petitioner's wife's I-130 petition resulting in a favorable determination for the petitioner would indirectly challenge the validity of the removal order. *Id.* The Ginters court found that such decisions fall within the jurisdiction of the Eighth Circuit. This Court, faced with a similar situation, reaches the same conclusion: Petitioners cannot indirectly attack the removal order, and the law requires them to bring the issue before the Eleventh Circuit.

To the extent that the District Court of Arizona in Zhou v. Kane and the Ninth Circuit might rule differently (though the Court is not confident that they would do so under this set of facts), the Court disagrees with their interpretation of 8 U.S.C. § 1252(g). See Zhou, 2007 WL 1559938, Case No. 07-0785 (D. Ariz. May 29, 2007). The Court also notes that Zhou's petitions were still pending, rather than previously denied as in Petitioners' case, when she filed suit in the District of Arizona. *Id.* at *1.

Attacking the Attorney General's discretionary execution of a valid removal order is at the

heart of Petitioners' comprehensive range of claims under the following: the Constitution of the United States; the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. §1101 *et seq.*; the Administrative Procedure Act, 5 U.S.C. §701 *et seq.*; the Mandamus Act, 28 U.S.C. § 1361; 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §2201 *et seq.* (the Declaratory Judgment Act); and 28 U.S.C. §1651 (the All Writs Act). Regardless of the form of relief requested by Petitioners in this case, jurisdiction vests in the Court of Appeals for the Eleventh Circuit. See Sadhvani, 460 F. Supp. 2d at 122; Ginters, 419 F. Supp. 2d at 1131; 8 U.S.C. § 1252(a) & (g).

Therefore, it is **ORDERED** that:

1) Petitioners' Emergency Motion for Reconsideration is **DENIED**; and

2) Respondents' Motion to Dismiss Mandamus Claim for Failure to State a Claim upon which Relief can be Granted is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of May, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record